Wilson Construction
Mark Wilson
**733 Glenmere Way**
Redwood City, California 94062
Tel:    (650) 245-1201

Pro Se
MARK WILSON

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON CONSTRUCTION, DBA MARK WILSON | Case No.: 13-30512-DM13 |
| Debtor, Plaintiff | **NOTICE OF APPLICATION AND EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |
| v. | |
| RECONTRUST COMPANY, N.A.; BANK OF AMERICA, N.A., EPIC CAPITAL PARTNERS; and DOES 1-100, inclusive, | **Adversary Proceeding No. 13-03075** |
| | ADV. Complaint Filed:     April 12, 2013 |
| Defendants. | |

**Pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 65(b) and local RULE LR. 65-1,  Plaintiff F ("F") hereby apply ex parte to this Court for:**

1.      **A temporary restraining order ("TRO") restraining and enjoining Defendant Epic Capital Partners, DBA David Schwam and all of their officers, agents, servants employees, and attorneys, and those persons in active concert or participation or privities with any of them, including Defendants real estate agent  Michael Keller of MKeller Real Estate from taking possession of, or reselling Plaintiff grant deed and lien interest**

1

property known as 220 Four Ring Road Tahoma CA 96142 which is the property of the bankruptcy estate (herinafter "Plaintiff's property." "Plaintiff's property" is more fully described in the ADV. Proceeding filed therein on April 12, 2013, which affects the possession, right, title and interest to real property commonly known as 220 Four Ring Road, Tahoma, California 96142.

2.     The reason for the request for TRO is on information and belief, Defendant Epic Capital Partners, DBA David Schwam as third party buyer of property and its real estate agent Michael Keller of MKeller Real Estate have a pending sale of "Plaintiff property" to a fourth party buyer. Selling to a fourth party would make this proceeding more of a convoluted mess and the reason for TRO. Enclosed as an attachment to this filing is a copy of the pending sale and listing. On information and belief fourth party buyer has his present home listed for sale.

3.     Concurrently, Plaintiff hereby applies for a hearing date to obtain a preliminary injunction. This application is based on the grounds that pecuniary compensation would not afford adequate relief for the loss of Plaintiff property and liens. Defendant, Epic, who maybe a stranger to the mortgage transaction, have unlawfully taken posession of the property and are trying to resell it for an ungodly profit of $2.4 million in one month based on fraudulent conveyance via Trustee's Deed recorded with El Dorado County Recorder as instrument number, when  stay was in place, the bank was notified and stated sale postponed, before the sale to the Third Party . Third Party buyer and Defendant Epic purchased Plaintiff's property at the alleged Trustee's sale. The Trustee sale was conducted without Plaintiff's knowledge and being noticed which is in violation of the Rights of Plaintiff, which is the subject of

2

this action. Under Section 542 of the Banckruptcy Code since the bankruptcy petition was cleary filed before the foreclosure sale, the stay was in place and may have been willfully violated and the property is part of the bankruptcy estate of the Debtor and Debtor had "equitable" interest. Debtor and Plaintiff requests turnover of the property back to Debtor and other co-owner while the matter is heard. Great and irreparable injury will result to Plaintiff before the matter can be heard on notice.

Plaintiff has not previously obtained an order from any judicial officer for similar relief in this case.

The Application is based upon this notice, the Compaint on file, the attached Memorandum of Points and Authorities, the declaration of Plaintiff, and any oral argument which will be heard at the time of the hearing of this matter.

Dated: May 3, 2013                          Respectively submitted

                                            _____

                                            Mark Wilson, Pro Se
                                            Debtor, Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

Plaintiff f brings this adversary action against Bank of America, Recontrust and Epic Capital Partners DBA David Schwam (hereinafter "Defendants") and their agents, officers, employees, and affiliated or associated parties, for their and their predecessors actions in engaging in a pattern of unlawful, fraudulent, or unfair predatory real estate practices causing Plaintiff to become a victim of such behavior, and to be in jeopardy of losing his interest and property through unlawful foreclosure and a willful violation of a timely US Federal Bankruptcy Stay in which parties Bank of America and Recontrust were notified.

Plaintiff seeks to enjoin defendants from proceeding with taking possession, evicting them from their property/home located at 220 Four Ring Road, Tahoma California 94062 and selling property to a fourth party with a pending sale when there is a stay in place, and they do not own the property.

The Plaintiff f filed a bankruptcy under Chapter 13 after which an an Automatic Stay was put in place preceeding Trustee sale to a third party. Based on The Court's Automatic Stay, Plaintiff brings this instant motion to restrain Defendant Epic Capital Partners, DBA David Schwam from taking possession, evicting Plaintiff, and from selling the property/home of the Bankruptcy Estate.

As grounds therefore, the movant alleges as follows:

1. Debtor filed relief under Chapter 13 of the Bankruptcy Code in this Court at 1:04pm on March 06, 2013.

2. On _March 06_____, 2013, debtor and deed lien holder after filing immediately called, faxed and emailed RECONTRUST and BANK OF AMERICA a copy of the receipt of the bankruptcy filing.

4

Recontrust informed debtor, Wilson and his legal representative,

Mike Mankarious, by phone that there was no sale and sale was in

rescission. RECONTRUST continued to represent the sale was in

rescission Thursday and Friday the 8th that there was no sale and

sale rescinded/canceled. On Monday the 11th RECONTRUST represented

to Debtor, WILSON, and his legal representative, Mr. Mankarious,

that there was no bankruptcy stay and sale affirmed to Third

Party bidder, violating court order stay. Stay was clearly before sale.

3. Wilson is a debtor, grant deed holder and secured lien holder of

the property. Enclosed as Attachment A, is the listing agreement

with MKeller Real Estate in which Defendant, Epic Capital Partners,

DBA David Schwam, third party buyer is showing a pending sale to a

fourth party in willful violation of the Bankruptcy Court Stay,

and, Attachment B, which are the secured liens on

the property by DEBTOR, WILSON, and his subcontractor, Advanced

Asphalt as well as a grant deed note.

4. A grant deed is not required to evidence a security interest in a property.

Evidence of the recording of the lien is sufficient to tie the lien holder, the

property, and the bankruptcy together.

Evidence of the lien has been on record with RECONTRUST and BANK of

AMERICA, for 4 months, but has been accessible from county records, for

several years.

11 USC 362 (a)(5) applies to this situation and creates an automatic stay when

the subordinate lienor files for bankruptcy. Obviously, the term "legal and

equitable interests of the debtor," as that term is used in the Code, includes

security interests. The automatic stay provisions of the Code apply to "any act to

. . . enforce against property of the debtor any lien . . . ." the foreclosure of a

mortgage falls directly into this situation, and such foreclosure would be

prohibited by the automatic stay where the junior lien has declared bankruptcy.

If you had an interest in the property, and you filed bankruptcy, then

that interest belongs to the bankruptcy estate, and it is protected by

the automatic stay. Consequently, the foreclosure sale is "void" -- of

no force or effect. See In re Gruntz (9th Cir. 2000) 202 F3d 1074,

1081–1082.

5. DEBTOR, was not noticed by RECONTRUST of new sale date, as lien holder.

6. With the filing of this motion, the DEBTOR has filed a proof

of claim in this Court, Attachment B, proof of secured

recorded liens on said property, grant Deed and notice of cancellation in

support of Wilson Construction, DBA Mark Wilson not being noticed of new

sale.

7. The foregoing constitutes "cause" within the meaning of

Section 362(a)(5) of the Bankruptcy Code.


   II. APPLICABLE AUTHORITIES

   Federal Rule of Civil Procedure 65 and Local Rule 65-1

authorize this Court to enter a preliminary injunction or Temporary

Restraining Order ("TRO". See Fed R. Civ.P 65. The purpose of such

injunctive relief is to preserve the relative positions of the

6

parties until a trial on the merits can be conducted. See F & J. Gallo Winery v. Andina Licores SA, 446 F. 3d 984, 990 (9th Cir. 2006); LGS Architects, Inc. v. Concordia Homes, 434 F. 3D 1150, 1158 (9th Cir. 2006).

A party seeking a preliminary injunction must show either : (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. Faith Ctr. Church Evangelistic Ministries v. Glover, 462 F. 3d 1194, 1201-02 (9th Cir. 2006). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. LGS Architects, 434 F. 3d at 1155: see also Harper v. Poway Unified Sch. Dist, 445 F.3d 1166, 1174 (9th Cir. 2006) (the greater the relative hardship to the moving party, the less the probability of success must be shown to support the grant of a preliminary injunction).

In addition, the party must do more than merely allege imminent harm sufficient to establish standing, he or she must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief. Associated Gen. Contractors v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991), cert. denied, 503 U.S.985 (1992).

Under the sliding scale theory, a party seeking injunction "need not demonstrate that he will succeed on the merits, but must at least show that his cause presents serious questions of law worthy of litigation." Topanga Press, Inc. v. City of Los Angeles, 989 F.2d 1524, 1528 (9th Cir. 1993), cert. denied, 511 U.S. 1030 (1994). Additionally, in cases where the public interest may be affected, the court must consider the public interest as a factoring balancing the hardships. Harris v. Bd. Of Supervisors, 366 F. 3d 754, 760 (9th Cir. 2004).

While a preliminary injunction will not be issued without security by the applicant under

Federal Rule of Civil Procedure 65(c), a district court has wide discretion in setting the amount of a bond, and the bond amount may be zero if there is no evidence the party will suffer damages from the injunction. See, <u>Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills</u>, 321 F.3d 878, 882 (9th Cir 2003). In this case Defendants have suffered no damages

## III. ARGUMENTS

Plaintiff's operative pleadings filed on asserts claims for willful violation of timely US Bankruptcy Court Stay by Defendants, Recontrust and Bank of America, selling property at foreclosure to a third party also named as a Defendant, and upon notice of Bankruptcy filing by Plaintiff and his legal representative validated third party sale in contempt of the Courts Stay and further violating the stay by transferring Deed 15 days later to third party buyer who now attempts to sell property to a fourth party when the original sale is void because the stay was in effect.

1. Probability of Success on the Merits

Plaintiffs can demonstrate high probable successes on the merits on their claims for relief of a willful violation of Stay and voiding of sale.

   a. Cancellation of Trustee's Sale to Third Party buyer.

Strong showing is made that Recontrust and Bank of America sale to third party is void because Bankruptcy Court Stay was in effect.

2. Irreperable Harm.

Plaintiff maintains he will be irreparably harmed by loosing possession of the property/home. In <u>Wrobel v. S.L. Pope & Associates</u>, 2007 WL 2345036, at *1 (S.D. Cal. 2007), the court found that "[l]osing one's home through foreclosure is an irreparable injury." Similar findings were made by the courts in <u>Johnson v. U.S. Department of Agriculture</u>, 734 F. 2d 774, 789 (11th Cir.

Case: 13-03075    Doc# 8    Filed: 05/06/13    Entered: 05/06/13 16:29:52    Page 8 of 22

1984) ("Irreparable injury is suffered when one is wrongfully ejected from his home. Real property and especially a home is unique"); Cronkite v. Kemp, 714 F. Supp. 822, 825 (E. D. Wash. 1989).

One court denied a temporary retraining order on a foreclosure, reasoning that the TRO applicant could halt foreclosure by paying the amount owed due on the loan . See Barrett v. Popular Inc. 2007 WL 1753539, at*1 (W.D. Wash. 2007). But in this case, the validity of the stay being in place itself shows Plaintiff will be irreparably harmed by losing possession of its grant deed interest and liens in the home/property.

3.  Turnover of the Property

With respect to acts against property of the estate, the automatic stay continues until such property is no longer property of the estate (i.e. where it has been abandoned under § 554(c)). 11 U.S.C. § 362(c)(1). With respect to all other acts, the automatic stay continues until the earliest (i) the case is closed; (ii) the case is dismissed; (iii) a discharge is granted or denied in the case of an individual bankruptcy proceeding; (iv) a plan is confirmed in a Chapter 11 case; or (v) the stay is terminated by order of the court, or by inaction of the court upon request for leave from the stay. 11 U.S.C. § 362(c)(2).

The turnover question was answered by the Supreme Court in United States v. Whiting Pools, Inc., 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). In that case, the Internal Revenue Service levied on and took possession of the debtor's property. On the following day, the debtor filed a bankruptcy petition which stayed the Internal Revenue Service from taking any further action against the property. The Internal Revenue Service instituted an adversary proceeding

9

seeking a determination that the automatic stay provisions of Section 362 were not applicable to it or, in the alternative, requesting that the stay be lifted to permit it to sell the property. The Internal Revenue Service argued that "property of the estate" under § 541 of the Bankruptcy Code consists only of the debtor's interest in property as of the time the bankruptcy petition is filed. The Supreme Court, however, found that the debtor retained an "equitable" interest in the property since it had not yet been sold and thus ordered the Internal Revenue Service to return the property to the debtor under § 542 of the Bankruptcy Code.

This same analysis has been used with regard to foreclosure proceedings; if the sale has not been completed prior to the filing of the debtor's bankruptcy petition, then the debtor may request turnover of the property.

In the instant case Debtor is requesting turnover of the property and return of the property to the debtor under § 542 of the Bankruptcy Code since the stay was clearly in place before Trustee sale to third party and Trustee had been notified by multiple parties as to the filing of the Bankruptcy Case, been furnished with the case number and the existence of the stay in place. The property is part of the Bankruptcy Estate until the merits of the case can be heard. Debtor's furnishings and property are still in the house and several bills for the house are still in Debtor's name.

4. Bond.

While the literal language of Federal Rule of Civil Procedure 65(c) suggests that a restraining order will not be issues without security by the applicant, a district court has wide discretion in setting the amount of a bond. See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 321 F.3d 878, 882 (9th Cir. 2003). "The district court may dispense with the filing of a

10

bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." Jorgensen v. Cassidy, 320 F. 3d 906, 919 (9th Cir. 2003). **Here** there is no realistic harm to Defendant's from a temporary restraint of the foreclosure and third party sale proceedings as the stay preceeded the sale and it maybe is a willful violation of stay. If the defendants' position that the Trustee sale is valid and not void which it is because of the stay being in place before foreclosure sale to third party and transfer of deed is valid, then defendant must prove when the merits of the case can be heard. The defendant's interest are adequately secured by trustee's deed if it is valid. No bond will be required at this time.

CONCLUSION

Accordingly, plaintiff pray the Court to grant their Ex Parte application for a temporary restraining order and Order to Show Cause enjoining Defendants including Defendant Epic Capital Partners DBA David Schwam and his real estate agent Michael Keller from taking possession, evicting Plaintiff and re-selling home/property located at 220 Four Ring Rd. Tahoma California 96142 until the preliminary injunction hearing, and order turnover of property back to Plaintiff as Stay was clearly in effect which Plaintiff can prove beyond a reasonable doubt.

Plaintiff further requests this Court to set a hearing date for preliminary injunction.

Dated: May 6, 2013                               Respectfully submitted:

Mark Wilson, Pro Se.

11

Attachment 1

Lake Tahoe Real Estate

*Attachment 1*

Search the Website | Go



**Michael Keller**
Broker / Owner
(530) 307-0027 Phone
Contact Michael

Home        Search Properties        New Listing Notifications        Buyers & Sellers        Blog        About        Contact

## 220 Four Ring Rd



With its large estate properties, sheltered waters, and incredible views Tahoe's "Gold Coast" represents one of the most desirable locations anywhere on the Lake.  Situated on 100 feet of pristine white sand beach, 220 Four Ring is a very rare lakefront ownership opportunity. The four bedroom main house was originally constructed in 1932 out of native granite and has been updated and remodeled with modern conveniences, and luxury finishes.  A separate stone carriage house includes an upstairs guest quarters and an additional bathroom.   A recently refinished tennis court and an original beachfront boat storage house are two more incredible features.  The sizeable level lawn leads to your private beach, a pier shared with one adjacent neighbor, and 2 deep-water buoys.  The large gently-sloping 1.7 acre parcel has only a handful of neighbors and is accessed by a long private road.  Truly an extraordinary chance to own one of Tahoe's classic properties!





**NEW LISTING NOTIFICATIONS**

**WHAT'S YOUR HOME WORTH?**

**CATEGORIES**
No categories

*MLS*
*120550*
*South Tahoe Associate Realtors*

## Property Details

**Priced at $5,000,000**
220 Four Ring Rd
Tahoma, CA 96142

**Beds:** 5
~~**Baths:** 4~~
**Square Feet:** 1988
~~**Garage:** 2 Car~~
**Year Built:** 1932

**Status: Sale Pending!**

©2013 Google -
Map data ©2013 Google -

## Photo Gallery

**Michael Keller**
(530) 307-0027 Phone
(866) 401-4551 Fax

Keller Properties
555 Tahoe Keys Blvd. #1
South Lake Tahoe, CA 96150

**Stay Connected** sitemap •
admin •
©2013 All
Rights
Reserved
• Real
Estate Website Design by IDXCentral.com



12▶

Attachment 2

# Recorder's Index - Query by Name

*Attachment 2* (handwritten)

CATRON LINDA    🎤   Last First Middle - no commas

Date range 2011 ▾ through 2013 ▾

Sort by Name ▾

Return 100 ▾ records at a time   *220 Foo Ring Rd. Tahoma Ca 96142* (handwritten)

☑ Translate the Document Titles

**General Information:** The last document online is number **11971** recorded on **Thursday**.

Years 1911-1937 are not yet online.

## Names like CATRON LINDA*
## in years 2011 - 2013

| Name<br>Document Title   and translation | Date | Book<br>Page<br>Document | Cross Reference<br>Names |
|---|---|---|---|
| **CATRON LINDA** et al<br>**NT INT TRAN** Notice of Intended Transfer | 04/18/2011 | <u>2011-0017509</u><br>2 pages | MILLER WILLIAM ROBERT |
| **CATRON LINDA** et al<br>**NT TSTEE SALE** Notice of Trustee's Sale | 08/10/2011 | <u>2011-0037296</u><br>2 pages | |
| **CATRON LINDA** et al<br>**CAC NT DEF** Cancellation Notice of Default | 08/23/2012 | <u>2012-0042270</u><br>1 page | |
| **CATRON LINDA** et al<br>**ASGN TR D** Assignment of Deed of Trust | 08/27/2012 | <u>2012-0042561</u><br>1 page | BANK OF AMERICA LASALLE BANK TR US BANK TR |
| **CATRON LINDA** et al<br>**NT DEF** Notice of Default | 08/27/2012 | <u>2012-0042562</u><br>4 pages | |
| **CATRON LINDA** et al<br>**NT TSTEE SALE** Notice of Trustee's Sale | 12/11/2012 | <u>2012-0065223</u><br>3 pages | |
| **CATRON LINDA** et al (grantees)<br>**CAC TSTEE SALE** Cancellation trustee sale | 01/07/2013 | <u>2013-0000597</u><br>4 pages | BANK OF AMERICA LASALLE BANK TR RECONTRUST CO TR US BANK TR |
| **CATRON LINDA** et al *Can't re-noticed* (handwritten)<br>**NT TSTEE SALE** Notice of Trustee's Sale | 02/12/2013 | <u>2013-0007420</u><br>2 pages | |
| **CATRON LINDA S** et al<br>**MECH LIEN** Mechanic's Lien | 06/29/2011 | <u>2011-0030064</u><br>3 pages | *Prime* (handwritten)<br>WILSON CONSTRUCTION WILSON MARK F |
| **CATRON LINDA S** et al<br>**ABSTR JUDG** Abstract of Judgment | 06/30/2011 | <u>2011-0030114</u><br>2 pages | FALK YIN |
| **CATRON LINDA S** et al | 11/16/2012 | <u>2012-0058636</u> | ADVANCED ASPHALT<br>*Sub* (handwritten) |

**MECH LIEN** Mechanic's Lien                 2 pages          ADVANCED CO INC
                                                               DBA

Record Count = 18

Document Count = 11

Please Note that upkeep, backup, and repairs to this site are normally done on weekends. Sorry for the inconvenience.
DISCLAIMER: The El Dorado County Recorder-Clerk's Office presents the information on this Web site as a service to the public. We have tried to ensure that the information in this electronic document is accurate. The Recorder's Office makes no warranty or guarantee concerning the accuracy or reliability of the content at this site or at other sites to which we link. Assessing accuracy and reliability of information is the responsibility of the user. The Recorder's Office shall not be liable for errors contained herein or for any damages in connection with the use of the information contained herein. THIS INFORMATION IS FOR REFERENCE ONLY.

Generated Saturday March 9, 2013 22:55:03 PST for PUBLIC at 71.20.133.238
e-mail the Recorder/Clerk Recorder/Clerk recorderclerk@edcgov.us

Secured Promissory Note

4 February ~~4, 2011~~ *[handwritten: 10 March 2011]* *[initials: KTW]*

$50,000

San Mateo, California

FOR VALUE RECEIVED, the undersigned, LINDA SUE CATRON, a single woman ("Payor"), does hereby promise to pay MARK F WILSON ("Payee"), guarantor of Catron's previous note to ROBERT A BRADFORD, Jr, dated 30 November 2007, the sum of fifty thousand dollars ($50,000.00), with 10% interest from the date of this note.

This note is now secured by a Deed of Trust, freely issued by Payor, on property owned by Payor located at 220 Four Ring Road Tahoma CA 96142, Eldorado County, now owned by Payor. Payor voluntarily agrees to give Payee a secured lien on subject property.

This note supercedes any previous note between Bradford and Catron and that previous note on Catron's Farm Rd. Woodside property no longer exists as Catron is no longer owner of record of that property. *[handwritten: Wilson guarantees he has paid Bradford loan.]* *[initials: KTW]*

Catron and Wilson can agree to exchange said note at anytime for a grant deed ownership interest in 220 Four Ring Rd. property and any and previous debt or loans Payor owes Payee on said property. Said note is for ~~one~~ *[handwritten: two]* year terms but can be renewed, ~~called~~ or paid off at anytime without penalty. *[initials]*

Payor, Catron, agrees to pay all reasonable attorneys fees and costs in the collection of this Promissory note, or enforcement of secured Deed of Trust under the laws of the State of California under the penalty of perjury and is enforceable on any transfer of ownership, heirs or any bankruptcy filing by Payor. Payee is to be notified in advance of any proposed transfer of ownership of subject property by "Payor."

*[signature: Linda Sue Ca___]*                    *[handwritten date: March 10/2011]*
Linda Sue Catron                         Date


_____        _____
Witness                                  Date

*[signature: Mark F Wilson]*  date *[handwritten: 10 March 2011]*
Mark F Wilson

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

CIVIL CODE § 1189

State of California

County of __SAN FRANCISCO__ }

On __MARCH 10, 2011__ before me, __KEVIN TABB WOLOHAN, NOTARY PUBLIC__
Date           Here Insert Name and Title of the Officer

personally appeared __LINDA SUE CATIZON AND MARK F. WILSON__
Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

KEVIN TABB WOLOHAN
COMM. # 1778470
NOTARY PUBLIC - CALIFORNIA
SAN FRANCISCO COUNTY
My Comm. Expires December 3, 2011

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____
Signature of Notary Public

Place Notary Seal Above

--- **OPTIONAL** ---

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: __SECURED PROMISSORY NOTE__

Document Date: _____ Number of Pages: __1__

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____

☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____

☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 2010 National Notary Association • NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)     Item #5907

# ☰ CALIFORNIA ☰

### DRIVER LICENSE
CLASS: C

EXPIRES 12-28-13   C6021196



LINDA CATRON
2130 FILLMORE ST 111
SAN FRANCISCO CA 94115

SEX: F   HAIR: GRY
HT: 5-01   WT: 190



DONOR

01/09/2009 S03 LS   FD/13

# ☰ CALIFORNIA ☰

### DRIVER LICENSE
CLASS: C

N0000000



MARK FULLER WILSON
733 GLENMERE WAY
REDWOOD CITY CA 94062

SEX: M   HAIR: BRN   EYES: BLU
HT: 6-00   WT: 200

12/03/2009 S93 23   FD/14

Proof Of Service

*San Francisco*

I am over the age of 18 years, employed in the city of ~~Northridge~~, county of ~~Los Angeles~~ *San Francisco*, State of CA and not a party to the action described in the attached documents. I declare under penalty of perjury that on ~~04/30/2013~~ *May 6/2013* a true and correct copy of this pleading was served to the opposing party in the manner and at the address described below:

x Certified Mail

Bank of America
Brian T. Moynihan, Chief Executive Officer
Bank of America Corporation
100 N. Tryon St.
Charlotte, NC 28255

X Mail

RECONTRUST
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
Simi Valley, CA 93063
FAX: 8667033095

Epic Capital Holdings
11211 Gold Country Blvd Ste 107
Rancho Cordova, CA 95670
*Epic Capital Holding*
*DAVID Schwamm*
*5156 Piazza Place*
*El Dorado Hills, Ca 95762*

*MJKeller Real Estate* *Epic Capital*
*Keller Rsopusties - please give to DAVID*
*Schwamm*
*555 Tahoe Keys Blvd #1*
*South Lake Tahoe, Ca 96150*

Your Signature

*Erika Priane*